# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| KEVIN MORRIS | CIVIL ACTION NO. 5:17-CV-0717 |
|---|---|
| VS. | SECTION P |
| | JUDGE S. MAURICE HICKS |
| GLEN EDWARDS, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Kevin Morris, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 2, 2017. Plaintiff is a detainee at the Red River Parish Jail (RRPJ). He is awaiting trial on charges of aggravated criminal damage to property and simple battery. He sued Glen Edwards, Joey Wiggins, Lt. Baker and an unknown person, claiming that his detention is unlawful. He prays for compensatory damages and to be released from jail. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

Plaintiff was arrested on March 14, 2017, on charges of aggravated criminal damage to property and simple battery. He has remained incarcerated at the RRPJ and complains that the failure of defendants Sheriff Glen Edwards and his officers, including Captain Joey Wiggins and Lt. Baker, to bring him before a judge within 72 hours was a violation of his rights.

On June 11, 2017, through the "Inmate Communication to Supervisory Official" system, plaintiff asked why he hadn't seen a judge for a 72 hour hearing or been arraigned. He was told that the judge set his bond over the telephone and that the district attorney's office sets the arraignment

dates. [Rec. Doc. 8-1]

Plaintiff complains that (1) he is in jail; (2) he wasn't given a 72 hour hearing; (3) counsel has not ben appointed; (4) an excessive bond of $400,000 has been set; (5) he has been denied Due Process; and (6) he has not been arraigned.

Plaintiff seeks $35,400 for wrongful confinement from March 17, 2017 through July 17, 2017, $50,000 for mental anguish and stress, and $60,200 for being wrongfully incarcerated from July 18, 2017 to the present. He also asks this Court to rule that he did not receive a 72 hour hearing and release him from jail.

### *Law and Analysis*

### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## 2. *Habeas Corpus*

Although plaintiff filed his complaint as a civil rights complaint pursuant to Section 1983, it appears that in addition to money damages he implies that he is also entitled to his immediate release from custody. To the extent that his complaint may be construed as challenging the legality of his confinement or as seeking his immediate release from confinement, such claims must be raised by petition for *habeas corpus* relief filed pursuant to 28 U.S.C. §2241 or 2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1987). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004).

Therefore, to the extent that plaintiff seeks his immediate release from custody in this civil rights litigation, such claim must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. 28 U.S.C. § 1915A(b)(1).

## 3. *Heck v. Humphrey*

Plaintiff contends that he remains confined in violation of Louisiana and Federal law. Unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been and continues to be improperly confined, he has no damages claim against any defendant cognizable under section 1983. *See, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994)(a claim

under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement.)

Plaintiff was arrested on misdemeanor charges and it seems he remains confined on those pending charges. Plaintiff claims that his custody violates the Constitutions and laws of the United States and the State of Louisiana; however, the grounds supporting plaintiff's confinement have not yet been successfully challenged. As a finding by this court in his favor would necessarily imply the invalidity of his confinement, *Heck* bars any claim for monetary damages which implies the invalidity of the orders supporting his confinement.[1]

As such, his claims for damages are legally frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996)(A "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." )

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915. Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and

---

[1] It should be noted that plaintiff does not assert a false arrest claim; he does not allege that he stands falsely accused and therefore falsely imprisoned due to his <u>innocence</u> of the charges that have been filed against him. Were that the case, he would be entitled to request a stay of these proceedings pending the outcome of his criminal trials, because *Heck* does not extend to cases where a plaintiff files a civil rights action challenging his arrest before any conviction. *Wallace v. Kato*, 549 U.S. 384, 393–94, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); see also *DeLeon v. Corpus Christi*, 488 F.3d 649, 655 (5th Cir.2007) (noting that the Supreme Court in *Wallace* refused to extend *Heck's* application to <u>pending</u> criminal matters).

Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, August 14, 2017.

                                              **KAREN L. HAYES**
                         **UNITED STATES MAGISTRATE JUDGE**