# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| KEVIN MORRIS | CIVIL ACTION NO. 5:17-CV-0717 |
| VS. | SECTION P |
| | JUDGE S. MAURICE HICKS, JR. |
| GLEN EDWARDS, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the court is a Motion/Request for Affirmative Injunction or Mandatory Injunction [Rec. Doc. 8] filed by Plaintiff on August 3, 2017. Plaintiff is a detainee at the Red River Parish Jail (RRPJ). He is awaiting trial on charges of aggravated criminal damage to property and simply battery. He seeks injunctive relief in the form of release from incarceration.

Plaintiff's claims are only cognizable under the general *habeas corpus* statute, 28 U.S.C. §2241. Furthermore, *habeas* relief is available only if the detainee can establish that he is in custody in violation of the Constitution and laws of the United States and, as addressed in this Court's August 14, 2017 Report and Recommendation [Rec. Doc. 9], plaintiff has made no such showing. Further, even if plaintiff could make such a showing, he would be required to exhaust available state court remedies prior to seeking federal *habeas* relief. *Dickerson v. Louisiana*, 816 F.2d 220 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d 298 (5th Cir. 1982) at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Accordingly,

**IT IS RECOMMENDED THAT** plaintiff's Motion/Request for Affirmative Injunction or

Mandatory Injunction [Rec. Doc. 8] be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana August 17, 2017.

                                            KAREN L. HAYES
                              UNITED STATES MAGISTRATE JUDGE